## KESSLER v. SCHREIBER.

District Court, S. D. New York.

April 9, 1941.

Israel Howard Kay, of New York City, for plaintiff.

Myron A. Ellis, of New York City, for defendant.

CONGER, District Judge.

Plaintiff sues for infringement of a copyright and unfair competition.

The facts, generally, are as follows. Plaintiff and defendant are in the same line of business. Plaintiff sells a device or card which he calls "Banko". These are sold to theaters and are used by theaters in giving away cash prizes to customers. Defendant has practically the same card, which he also sells to theaters for their use; his card or device being called "Bango". Both cards are for the same purpose.

Plaintiff published its card and placed it upon the market about June 5, 1937, and defendant published and put out its card to the trade sometime thereafter.

Plaintiff had his card copyrighted and received from the United States Copyright Office a certificate of registration, dated June 5, 1937, Class AA, No. 234608. On plaintiff's card appears the usual copyright notice. Defendant's card was not copyrighted.

Plaintiff's copyrighted matter is a card upon which are squares, five across, and five down, each of the squares bearing numbers, except the center one. There is at the bottom of this card a writing which explains the manner and means of playing the game contemplated by the card. Plaintiff claims no copyright on the card as a whole; he claims no copyright upon the name "Banko"; nor does he claim a copyright upon the language or wording on the bottom of the card. Prior to 1937, on these cards, in playing the game, there were twelve ways to win, but plaintiff contends that he originated the idea of adding four more ways to win which would make the game more attractive by squaring off the four numbers in each corner. He claims no copyright of this idea. His only claim is that his copyright applies to the black lines by which he has enclosed

these four boxes or squares in each corner. That is all.

Defendant's device or card is similar in appearance to plaintiff's. It has the same general arrangement of figures and squares. His device is known as "Bango". There is no question of the similarity of the two cards; that is not an issue herein. The only issue is the manner and means in and by which the squares in the four corners are marked and set off. Plaintiff has his corners marked off by four black lines forming a square or box. Defendant has his marked off by two red lines forming an angle.

■ Assuming that plaintiff's copyright is valid on this simple arrangement of four lines, I am satisfied that it is not infringed by defendant's arrangement of two red lines.

The purpose of the setting off of the four squares is to offer four more ways of winning this game, but that idea of arrangement of four boxes or squares is not claimed to be under the copyright. This same result might be set forth in many ways which would not infringe plaintiff's four lines, for instance, these four boxes in each corner might be set off by having them of another color, or by a circle around them.

■ I am also satisfied that plaintiff cannot recover in this action, because his cards are sold for the purpose of being used in a scheme which is without doubt a lottery. They are used in a game known as "Banko" or "Bank-Night" by theaters to bolster up their attendance; used in a game by which those in the theaters, if lucky, might receive a prize. The mere selling of them to the theater may not be a crime, but there is no question for what purpose they are to be used. The fact that others than those who are in the theater by paid admission may play the game, by being in the lobby of the theater and registering, does not change the situation. This last is a subterfuge.

In the case of Affiliated Enterprises v. Gantz, 10 Cir., 86 F.2d 597, the court held that irrespective of the fact that an admission to the theater may not be charged to participate in the drawing, and that persons in the theater lobby might win, the game proposed by the plan and system was too closely akin to a lottery to have the protection and assistance of a court of equity. This case is particularly applicable to the instant one.

I therefore hold (1) that defendant has not infringed plaintiff's copyright; and (2) that because plaintiff's card is primarily intended to be used to carry out a lottery, he can not have relief in a court of equity. A decree should be entered dismissing the complaint, but without costs or counsel fees.

The defendant's attorney should submit to me, through the clerk's office, on five days' notice of settlement, simple findings of fact and conclusions of law for my signature. They should be typewritten, triple-spaced, so that I may readily make any necessary changes. I suggest that plaintiff's attorney, if he be so disposed, submit, on two days' notice, criticisms of the proposed findings, as counter-findings will avail him nothing.